SADIE GOLEMBE and BERT GOLEMBE, Appellants, v. HARRY BLUMBERG, Respondent, and ABRAHAM BLUMBERG, Defendant.— Liability is sought to be cast upon the responden₃ herein in three of the causes of action for having bought for his epileptic son, an adult, who was known by respondent to be an epileptic, an automobile, in the use of which, the son, at a time when he had an epileptic fit, ran into a pole and a tree, as a result of which plaintiffs, who were passengers in the car, were injured. No question is raised as to the knowledge by plaintiffs of the son's physical incapacity. The complaint states a cause of action (Restatement, Torts, § 390) and it was error to have dismissed the three causes of action. An automobile in and of itself is not a dangerous instrument, but may become such in the hands of a person physically incompetent to handle it. (*Gillner* v. *Wallace*, 240 App. Div. 1003.) Order dismissing the first, fourth and seventh causes of action against defendant Harry Blumberg, reversed on the law, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs, and time to answer extended until ten days after the entry of the order hereon. Lazansky, P. J., Hagarty, Adel, Taylor and Close, JJ., concur.

GREEN BUS LINES, INC., Appellant, v. OCEAN ACCIDENT & GUARANTY CORPORATION, LTD., Respondent.— Order granting defendant's motion under rule 106, Rules of Civil Practice, to dismiss the complaint as insufficient in law, and judgment entered pursuant thereto, affirmed, with ten dollars costs and disbursements. (*Green Bus Lines, Inc.*, v. *Ocean Accident & Guaranty Corp.*, *Ltd.* [*No. 2*], 257 App. Div. 851; *Baron* v. *Auto Mut. Indemnity Co.*, 247 id. 731.) Lazansky, P. J., Carswell, Johnston and Taylor, JJ., concur; Close, J., dissents and votes to reverse the order and judgment on the ground that the defendant is liable under its policy of indemnity.

In the Matter of the Petition of AARON J. MOTTUS to Prove the Last Will and Testament of ROSE HERRICK, Late of the County of Kings, Deceased. AARON J. MOTTUS, as Executor, etc., of ROSE HERRICK, Deceased, Petitioner, and THOMAS V. BURNETT, Special Guardian for ROY GORDON, an Infant, etc., Respondents; FANNIE SHEVELL and LILLIE FRIEDMAN, Appellants.— Decree of the Surrogate's Court of Kings County admitting to probate an instrument in writing as the will of the decedent, issuing letters testamentary to the executor therein named upon his qualifying, and assessing costs, payable by the contestants personally, unanimously affirmed, with one bill of costs to respondents, payable by appellants personally. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ.

In the Matter of Proceedings Supplementary to Judgment: I & I HOLDING CORPORATION, Respondent, v. ABRAHAM BRICKEN, Appellant.— Appeal by a judgment debtor from an order (a) directing payment to his judgment creditor of accumulated disability payments which accrued to the judgment debtor under a policy of life insurance, and (b) appointing a receiver of the judgment debtor's property. Order affirmed, with ten dollars costs and disbursements. (*Addiss* v. *Selig*, 264 N. Y. 274, 281; *Horowitz* v. *Weinberg*, 156 Misc. 629, 631; affd., 246 App. Div. 701.) Lazansky, P. J., Hagarty, Adel, Taylor and Close, JJ., concur.