[No. D005795. Fourth Dist., Div. One. Mar. 15, 1988.]

RANDALL C. TALBOTT, Plaintiff and Appellant, v.
WILLIAM CSAKANY et al., Defendants and Respondents.

**COUNSEL**

Hollywood & Neil and Michael A. San Filipo for Plaintiff and Appellant.

McCormick, Royce, Grimm, Deane & Vranjes, Steven P. Taylor and J. Dean Rice for Defendants and Respondents.

**OPINION**

**WORK, J.**—The representative of the estate of Cheri Ann Talbott (Estate) appeals a judgment dismissing a wrongful death action against persons (the Csakanys) who transferred ownership and control of a vehicle to an alleged habitual adult drunk driver (Bias) whose later intoxicated driving killed decedent. Judgment was entered after a demurrer was sustained without leave to amend on the first amended complaint.[1] The Estate acknowledges it cannot further amend its complaint, and that Bias was, at the time of the transfer to him, an adult holding a valid driver's license. Further, the Estate admits it is aware of no facts suggesting the Csakanys had a relationship with Bias giving them any ability to direct or control his actions or that Bias would have lacked access to a vehicle except for the gift from the Csakanys. For the reasons which follow, we affirm the judgment.

I

The cause of action central to this appeal is based on the Csakanys' *gift* of the vehicle to Bias under a negligent entrustment theory.[2]

---

[1] This appeal was prematurely filed because the Csakanys were named defendants in other causes of action to which a demurrer had been overruled. These have now been voluntarily dismissed and we treat the appeal on its merits. (*Ashland Chemical Co.* v. *Provence* (1982) 129 Cal.App.3d 790, 792-793 [181 Cal.Rptr. 340].)

[2] The complaint also alleges a dangerous condition cause of action against the City and State, and a negligence action against Bias and the co-owner of his vehicle.

■ In reviewing an order sustaining a demurrer, we accept the facts pleaded in the complaint as true. (*Noguera* v. *North Monterey County Unified Sch. Dist.* (1980) 106 Cal.App.3d 64, 66 [164 Cal.Rptr. 808].) The complaint alleges the Csakanys gave a car to Bias as a wedding present at a time they knew he often drove while intoxicated. On appeal, the Estate elaborates the Csakanys gave the car to their daughter and Bias as a wedding present.

## II

■ Persons who *loan* a car to a person they know is an incompetent driver may be liable for negligent entrustment. (*Allen* v. *Toledo* (1980) 109 Cal.App.3d 415, 422 [167 Cal.Rptr. 270] [father's knowledge of his son's previous accidents supported liability for negligent entrustment of vehicle to son]; cf. Veh. Code, § 17150; see generally, Annot., Liability Based on Entrusting Automobile to One Who Is Intoxicated or Known to Be Excessive User of Intoxicants (1968) 19 A.L.R.3d 1175.) ■ The sole issue we are asked to consider—i.e., whether liability should be extended to a situation when a person *transfers* a car as a gift to an incompetent driver—has been decided both in favor of and against liability in other jurisdictions.

Here, the trial court sustained the demurrer because of its concern for the undue expansion of liability when ownership of a vehicle is given or sold[3] to a person who is not intoxicated at the time the vehicle is conveyed, regardless of that person's known driving history or likelihood of future misuse.

The court in *Brown* v. *Harkleroad* (1956) 39 Tenn.App. 657 [287 S.W.2d 92, 96], expressed the same concern in denying liability. *Brown* states: "If a father incurs liability by giving an automobile to his son, knowing him to be drunken or incompetent driver, when would it end? Would it last for the life of the automobile? Would it apply to a new automobile in the event of a trade-in? Or would liability attach to a dealer who sold an automobile to a known incompetent or drunken driver? Or to a filling station operator who sold such a person gas, knowing of his propensity?" (*Ibid.*) *Brown* notes that other jurisdictions for the most part[4] have not recognized such liability, and suggests that if liability should be extended, it should be done by the Legislature, not the courts. (*Ibid.*)

---

[3] Concerns relating to liability from commercial transactions relating to leases or sales of vehicles are not at issue in this case and we do not address them.

[4] The one case noted in *Brown* where liability was allowed involved the special relationship considered in *Golembe* v. *Blumberg* (1941) 262 App.Div. 759 [27 N.Y.S.2d 692], where a father gave his epileptic son an automobile and the son injured plaintiffs during an epileptic fit while driving. The Restatement Second of Torts section 390, illustration 6, page 316, now covers the *Golembe* factual scenario as an example of negligent entrustment liability.

In support of its conclusion, *Brown* v. *Harkleroad, supra,* 287 S.W.2d at pages 95-96, cites *Estes* v. *Gibson* (Ky.App. 1953) 257 S.W.2d 604, 605 [36 A.L.R.2d 729], which holds that in the absence of a relationship constituting legal control, liability should not extend to a person who gives a family member a car, even if the person knew the family member was an incompetent driver. *Estes* v. *Gibson, supra,* at page 607, quoting from *Shipp* v. *Davis* (1932) 25 Ala.App. 104 [141 So. 366, 367, 22 A.L.R.4th 719], reasons if a car cannot be given or sold to an adult, licensed driver without assuming liability for future incompetent driving, the doctrine of concurrent liability would be irrationally extended; and whether by gift or by sale when a car is placed in the possession and control of a person and title transferred, the responsibility for its operation rests with the buyer or donee. Thus, liability should be imposed only if the receiving party is intoxicated or otherwise incapacitated at the time of delivery of possession and control.

*Estes* v. *Gibson, supra,* 257 S.W.2d at page 608, further reasons when the party sought to be charged had no control over or ownership interest in the machine, the causation is too tenuous and remote because there are too many probable and imponderable intervening events and conditions between the gift of the car and the negligent operation. However, a three-judge minority in *Estes* dissented, asserting persons who transfer ownership and control are more negligent since they knowingly have given an incompetent driver the power to use the vehicle at all times, thus creating a long-term risk to third persons. (*Estes* v. *Gibson, supra,* 257 S.W.2d at p. 608.)

After reviewing these cases which decline to apply the negligent entrustment theory when the car was supplied by gift, the court in *Kahlenberg* v. *Goldstein* (1981) 290 Md. 477 [431 A.2d 76, 83], was unpersuaded by their reasoning. *Kahlenberg* holds that if a father purchases an automobile as a gift for a minor incompetent driver, who was a member of grantor's household and who would otherwise be using one of grantor's own cars, there is no reason to deny liability exclusively on the basis title is transferred along with possession.[5] (*Id.* at pp. 80, 83.)

Responding to challenges to the sufficiency of the evidence, *Kahlenberg* also holds that two aspects of proximate causation were satisfied: (1) the family member would not have inevitably obtained the car if the donor had not purchased it for him, and (2) the accident was caused by the type of risk-creating conduct which the donor knew or had reason to know would be likely. (*Id.* at pp. 84-85.)

---

[5] The court stressed the fact that the grantor was an active member of the bar specializing in negligence and compensation litigation. (*Id.* at p. 78.)

## III

Jurisdictions which relieve donors of responsibility for providing vehicles to persons known to be unfit to drive, even when aware of the foreseeable and probable consequences, purport to promote their perceived paramount public interest in not extending liability to persons lacking direct control over the vehicle at the time of injury. (See discussion, Annot., Liability of Donor of Motor Vehicle for Injuries Resulting From Owner's Operation (1983) 22 A.L.R.4th 738, 741.) However, the analyses in the foregoing line of cases have been extensively criticized by legal scholars and, according to Professor Prosser, "look definitely wrong." (Prosser & Keeton, Torts (5th ed. 1984) § 104, p. 718.)

■ We are satisfied these criticized holdings are not relevant to the resolution of our case, because in California, liability for the negligence of knowledgeable donors is established even though their want of ordinary care may be only one of several "substantial factors" in bringing about the injury. (See *Allan* v. *Toledo, supra,* 109 Cal.App.3d at pp. 419-420; BAJI No. 3.76 (7th ed. 1986) and cases there cited.) Thus, in California, it is firmly established that all persons in the chain of causation may, under appropriate circumstances, be liable to an injured party.

## IV

■ In California, when deciding whether to impose liability for negligence, a number of considerations are balanced, including the foreseeability of harm, the degree of certainty a plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury suffered, the moral blame attached to the defendant's conduct, the policy of preventing future harm, the extent of the burden to the defendant and consequences to the community, and the availability of insurance for the risk, the most important of which is foreseeability. (*Tarasoff* v. *Regents of University of California* (1976) 17 Cal.3d 425, 434 [131 Cal.Rptr. 14, 551 P.2d 334, 83 A.L.R.3d 1166].) These factors, firmly ensconced and refined in California jurisprudence since being defined in *Rowland* v. *Christian* (1968) 69 Cal.2d 108, 113 [70 Cal.Rptr. 97, 443 P.2d 561, 32 A.L.R.3d 496], are predicated on the legislative declaration of public policy for this state articulated in Civil Code section 1714 that all persons are responsible for an injury caused another by their want of ordinary care or skill in the management of their property.

In *Rowland* v. *Christian, supra,* 69 Cal.2d at pages 118-119, Justice Peters, writing for the majority, emphasized it is the reasonableness with which persons deal with their property in light of these announced criteria,

rather than the respective status of the negligent person vis-à-vis the injured party, which determines liability. ▮▮▮ Witkin describes the tort of negligent entrustment as imposing liability on one who supplies an instrumentality to an incompetent person under circumstances indicating a likelihood of misuse. (4 Witkin, Summary of Cal. Law (8th ed. 1974) Torts, § 650, p. 2929.) Prosser states: "It is the negligent entrusting which creates the unreasonable risk; and this is none the less when the goods are conveyed." (Prosser & Keeton, *supra,* § 104, at p. 718.)

In short, liability does not depend on any special relationship between the donor and the donee or the victim, nor whether the donee is an adult or minor, nor continued ownership in the donor, nor the type of dangerous instrumentality supplied. Thus, we reject a rule which would preclude liability without applying a *Rowland* analysis. That is not to say, however, that maturity of the donee and the fact the donee may be subject to direct control of and residing with the donor, are not factors to be weighed in determining whether the donor should be liable under a *Rowland* analysis.

Here, there is no allegation the donee was in any way subject to the control of the donor. Nevertheless, on balance, we conclude that, even when there is no evidence of control, since the foreseeability of injury from a known habitual drunk driver is strong and the policy of preventing drunk driving is compelling, it is appropriate to allow liability where the facts show sufficient causation.

### V

▮▮▮ Although generally the issue of causation is a question of fact for the jury, at a minimum the pleading allegations must be such that, if true, a reasonable trier of fact could conclude the donor's act was a substantial factor in bringing about the injury. Here, in the absence of allegations the donee would not have had ready access to a vehicle so as to injure the plaintiff without the gift from the donor, the causation allegation is too tenuous to support a cause of action. (See generally, 4 Witkin, Summary of Cal. Law, Torts, *supra,* §§ 621-622, pp. 2903-2905; *Lopez* v. *McDonald's* (1987) 193 Cal.App.3d 495, 513, 515 [238 Cal.Rptr. 436].)

It is not the act of giving a car per se which is offensive, but rather it is the act of giving a habitual drunk driver a means to cause injury not otherwise available. The facts in *Kahlenberg* v. *Goldstein, supra,* 431 A.2d 76, are illustrative. There, the court found sufficient causation based on the evidence the donee's income was minimal and he obtained money from his father several times a week, permitting a reasonable conclusion he would not have obtained the car if his father had not bought it for him.

Here, the pleaded facts do not support an inference that the act of giving the car was peculiarly the means which afforded the adult, licensed, albeit habitually drunk, driver the means to injure the plaintiff. Accordingly, the causal connection is too remote to state a cause of action. Because the Estate has had the opportunity to amend to assert such allegations and even now does not suggest it has a reasonable possibility of doing so, the demurrer was properly sustained without leave to amend.

Judgment of dismissal is affirmed.

Wiener, Acting P. J., and Todd, J., concurred.