[No. A051140. First Dist., Div. Three. June 28, 1991.]

HAROLD FISCHL, Plaintiff, v.
PALLER & GOLDSTEIN, Defendant and Respondent;
HESTER DRYWALL, INC., Intervener and Appellant.

COUNSEL

Maryanne Zanios Murphy for Intervener and Appellant.

Alton M. Chambliss, Brian J. Morris and James J. Hyland for Defendant and Respondent.

## OPINION

**WHITE, P. J.**—In this case, we hold an employer does not have a cause of action to recover damages for increased workers' compensation insurance premiums and lost profits incurred as a result of negligent injury to its employee.

I

### FACTS

Employees of respondent Paller & Goldstein negligently injured appellant Hester Drywall's employee, Harold Fischl, while they were working together at a construction site. After Fischl sued respondent for personal injury, appellant filed a complaint in intervention against respondent to recover certain costs it had incurred because of the accident. In particular, appellant alleged its workers' compensation premiums had increased by more than $55,000 due to the accident, and, because of the increased insurance cost, it

had suffered lost profits of more than $224,000. Appellant sought recovery from respondent for current and future increases in its workers' compensation insurance premiums and for lost profits. The trial court sustained respondent's demurrer to appellant's complaint in intervention, without leave to amend. Appellant filed a timely appeal from the ensuing judgment. We affirm.

## II

### DISCUSSION

### A. *General Negligence.*

 Appellant first contends it may recover for the increased insurance premiums and lost profits under principles of general negligence. Appellant is wrong.[1]

Our analysis of this issue begins with *I. J. Weinrot & Son, Inc.* v. *Jackson* (1985) 40 Cal.3d 327 [220 Cal.Rptr. 103, 708 P.2d 682] (hereafter *Weinrot*). In *Weinrot*, the corporate plaintiff sued a negligent defendant who had injured one of the plaintiff's key employees. The plaintiff contended it could recover under Civil Code section 49, subdivision (c), for salary paid to the employee while he was unable to perform his duties, lost business profits, and amounts paid for medical expenses. (*Weinrot, supra*, 40 Cal.3d at pp. 329-331.) Civil Code section 49, subdivision (c) generally forbids "[a]ny injury to a servant which affects his ability to serve his master, other than seduction, abduction or criminal conversation." In the appeal following the defendant's successful demurrer, the Supreme Court held this section applied only to domestic servants, not to business employees. (*Weinrot, supra*, 40 Cal.3d at pp. 334, 339.) The court concluded the section "does not provide a right of action for a corporate employer seeking recovery for expenses and lost profits incurred as a result of negligent injury to its employees." (*Id.*, at p. 341.)

In *Herrick* v. *Superior Court* (1987) 188 Cal.App.3d 787 [233 Cal.Rptr. 675], the Court of Appeal held that "in addition to rejecting a cause based on the statute, [*Weinrot*] also necessarily held California law affords no other basis for the cause of action." (*Herrick, supra*, 188 Cal.App.3d at p. 789.) This is because the *Weinrot* court upheld a general demurrer, which may not be sustained if the pleading states a cause of action on *any* theory. (*Herrick, supra*, 188 Cal.App.3d at p. 789; *Weinrot, supra*, 40 Cal.3d at p.

---

[1]Since this case comes to us following a successful demurrer, we accept as true all material facts properly pleaded in the complaint in intervention. (*Scott* v. *City of Indian Wells* (1972) 6 Cal.3d 541, 549 [99 Cal.Rptr. 745, 492 P.2d 1137]; *Hepe* v. *Paknad* (1988) 199 Cal.App.3d 412, 415 [244 Cal.Rptr. 823].)

332, fn. 2; *County of El Dorado* v. *Spence* (1986) 182 Cal.App.3d 698, 701 [227 Cal.Rptr. 365] [a general demurrer should not be sustained if the pleading, liberally construed, states a cause of action on any theory].) █ Thus, there is no general negligence cause of action in California for an employer seeking recovery for expenses and lost profits incurred as a result of negligent injury to its business employee.

Nevertheless, appellant contends the facts in *Weinrot* may be distinguished from the present case. This is true. Unfortunately for appellant, the distinctions make his case weaker—not stronger—than the plaintiff's case in *Weinrot*. In *Weinrot*, the plaintiff sought compensation for salary and medical payments paid *directly* to the injured employee.[2] (40 Cal.3d at pp. 329-330.) Here, appellant is seeking compensation for damages which are even more removed from the negligent act. First, appellant is seeking compensation for increased insurance premiums which were allegedly precipitated by the accident. Second, in an even greater stretch, appellant seeks damages for lost business due to higher bids required to recoup the increased cost of insurance.

The *Weinrot* court implicitly held a negligent defendant has no general duty to compensate an employer for expenses and lost profits incurred as a result of negligent injury to a business employee. █ In deciding whether a defendant owes a duty of due care to a particular plaintiff, a court must balance a number of factors.[3] █ In this case, all of the relevant factors —with the possible exception of the availability of insurance—point even more strongly towards a "no duty" rule than they did in *Weinrot*. In particular, with respect to the most important factor, foreseeability, the harm alleged in this case is far less foreseeable than the harm alleged in *Weinrot*. (*Tarasoff* v. *Regents of University of California*, supra, 17 Cal.3d at p. 434; *Quesada* v. *Oak Hill Improvement Co.* (1989) 213 Cal.App.3d 596, 604 [261 Cal.Rptr. 769]; *Talbott* v. *Csakany*, supra, 199 Cal.App.3d at p. 705.) In sum, *Weinrot* compels the conclusion that, at least under principles of general negligence, respondent has no liability for the damages sought in this case.

[2]The plaintiff in *Weinrot* was not subject to the workers' compensation law and thus could not recover these direct damages under its provisions. (*Weinrot*, *supra*, 40 Cal.3d at p. 340.) Appellant, however, is subject to that law and has a statutory right of indemnification for compensation or salary paid to employees injured by third parties. (Lab. Code, § 3852.)

[3]These include the foreseeability of the harm, the degree of certainty a plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury suffered, the moral blame attached to the defendant's conduct, the policy of preventing future harm, the extent of the burden to the defendant and consequences to the community, and the availability of insurance for the risk. (*Tarasoff* v. *Regents of University of California* (1976) 17 Cal.3d 425, 434 [131 Cal.Rptr. 14, 551 P.2d 334, 83 A.L.R.3d 1166]; *Talbott* v. *Csakany* (1988) 199 Cal.App.3d 700, 705 [245 Cal.Rptr. 136].)

B. *Labor Code Section 3852.*

■ Appellant next contends it may recover the increased insurance premiums and resulting lost profits under Labor Code section 3852. Again, we disagree.

Section 3852 provides in pertinent part: "The claim of an employee, . . . for compensation does not affect his or her claim or right of action for all damages proximately resulting from the injury or death against any person other than the employer. Any employer who pays, or becomes obligated to pay compensation, or who pays, or becomes obligated to pay salary in lieu of compensation . . . may likewise make a claim or bring an action against the third person. In the latter event the employer may recover in the same suit, in addition to the total amount of compensation, *damages for which he or she was liable* including all salary, wage, pension, or other emolument *paid to the employee* or to his or her dependents." (Italics added.)

The increase in appellant's insurance premium is not "compensation" within the meaning of the statute. Compensation means a payment to which an injured worker is entitled under the workers' compensation law. (Lab. Code, § 3207; *Associated Indemnity Corp.* v. *Pacific Southwest Airlines* (1982) 128 Cal.App.3d 898, 903 [180 Cal.Rptr. 685]; *Hawthorn* v. *City of Beverly Hills* (1952) 111 Cal.App.2d 723, 729 [245 P.2d 352].) No stretching of the statutory language will make it broad enough to encompass the increased premiums appellant is now obligated to pay.

Nevertheless, appellant contends workers' compensation insurance is an "emolument"[4] within the meaning of the statute. That may or may not be. But even if it is true, appellant ignores the bulk of the statutory language. An "emolument" may be recovered by the employer only if it is part of the "damages for which he or she was liable" and is "paid to the employee" or to his or her dependents. (Lab. Code, § 3852.) In other words, section 3852 is intended to provide a right of indemnity only for emoluments paid by the employer to the employee or his dependents on account of the injury. (*Smith* v. *County of Los Angeles* (1969) 276 Cal.App.2d 156, 165-166 [81 Cal.Rptr. 120] [Employer cannot "recover anything more . . . in its own right than that for which *it* was obligated to pay to the employee."]; see also *Breese* v. *Price* (1981) 29 Cal.3d 923, 928 [176 Cal.Rptr. 791, 633 P.2d 987] [Under § 3852 "it would be anomalous for an employer . . . to recover damages greater, in nature or amount, than those afforded the injured employee."].) Here, the $55,000 increase in insurance premiums is not an emolument paid

[4]Webster's Third New International Dictionary (1970) page 742 defines "emolument" as "profit or perquisites from office."

to the employee on account of the injury. Since appellant's right to indemnification from respondent is wholly statutory, it is without other recourse. (*Nelsen* v. *Workmen's Comp. App. Bd.* (1970) 11 Cal.App.3d 472, 477 [89 Cal.Rptr. 638].)

The judgment is affirmed.

Merrill, J., and Strankman, J., concurred.

A petition for a rehearing was denied July 22, 1991, and appellant's petition for review by the Supreme Court was denied October 2, 1991.