M. B. HAYNES CORP. v. STRAND ELECTRO CONTROLS, INC.

[127 N.C. App. 177 (1997)]

━━━━━━━━━

M. B. HAYNES CORPORATION, PLAINTIFF v. STRAND ELECTRO CONTROLS, INC., A UTAH CORPORATION, DEFENDANT

No. COA96-451

(Filed 5 August 1997)

**1. Workers' Compensation § 72 (NCI4th)— action against negligent third party—damages—increased workers' compensation insurance premiums—settlement**

The trial court properly granted summary judgment in favor of defendant in a tort action seeking as damages the increases in workers' compensation premiums incurred as result of payments to an employee injured as a result of defendant's negligence

where plaintiff had approved a settlement between the injured employee and defendant which released defendant from all claims and demands arising out of the employee's injuries.

2. **Workers' Compensation § ·74 (NCI4th)— action by employer against negligent third party—increased premiums as damages—limited to recovery of benefits paid**

The trial court correctly granted defendant's motion for summary judgment where plaintiff, the employer of an injured worker, sought to recover increases in workers' compensation premiums from defendant, a negligent third-party. The provisions of N.C.G.S. § 97-10.2 reflects the General Assembly's intent to limit an employer to recovery of workers' compensation benefits it has paid its employee.

Appeal by plaintiff from order entered 31 January 1996 by Judge Ronald E. Bogle in Buncombe County Superior Court. Heard in the Court of Appeals 9 January 1997.

*Long, Parker & Warren, P.A., by W. Scott Jones and Kimberly A. Lyda, for plaintiff-appellant.*

*Roberts & Stevens, P.A., by Wyatt S. Stevens and Isaac N. Northup, Jr., for defendant-appellee.*

JOHN, Judge.

Plaintiff M.B. Haynes Corporation appeals the trial court's entry of summary judgment in favor of defendant Strand Electro Controls, Inc. The trial court rejected plaintiff's assertion of a cause of action against defendant to recover increases in workers' compensation insurance premiums allegedly incurred as a result of plaintiff's payment of workers' compensation benefits to an employee injured by the negligence of defendant. We affirm the trial court.

Pertinent factual and procedural information includes the following: On 1 July 1991, Warren Dale Chandler (Chandler) was in the employ of plaintiff, an electrical contractor. On that date, Chandler's duties involved servicing a dimming equipment cabinet manufactured by defendant. Chandler suffered severe electric shock while working on the cabinet, which allegedly was not properly grounded.

Chandler filed a workers' compensation claim against plaintiff with the North Carolina Industrial Commission (the Commission). He ultimately received eighty weeks of temporary total disability bene-

fits, totaling $22,933.62, and medical benefits amounting to $13,165.66. Chandler also instituted a negligence action against defendant, alleging it had breached its duty of care in the design and assembly of the dimming equipment cabinet.

Defendant and Chandler thereafter entered into a settlement agreement awarding the latter $92,500, and the Commission ordered distribution of the funds pursuant to N.C.G.S. § 97-10.2 (1991). Plaintiff and its adjusting agent received $12,000 from the settlement in "full settlement of their subrogation interest" in the third party award. In exchange for plaintiff's acceptance of this reduced portion of the third party award (plaintiff's full subrogation interest was calculated to total $38,209.06), Chandler agreed to release plaintiff from any further liability under the Workers' Compensation Act.

Shortly thereafter, plaintiff brought the instant suit against defendant, alleging negligence and breach of the warranty of merchantability in its manufacture and sale of the dimming equipment cabinet. Plaintiff claimed defendant's tortious conduct had caused injury to plaintiff's employee Chandler who had been paid a sizable sum in workers' compensation benefits. As a result, plaintiff continued, its workers' compensation insurance premiums had "substantially increased and will continue to be higher than they otherwise would be if Plaintiff's employee had not been injured." An affidavit of plaintiff's Safety Director later filed with the court asserted an increase in premiums of over $50,000 during the period of 1993 to 1996 as a direct result of Chandler's 1991 injury.

Defendant's answer included the affirmative defense that plaintiff's action was barred because it had participated in the settlement agreement with defendant regarding Chandler's suit. Defendant's motion for summary judgment was granted by the trial court in an order entered 31 January 1996. Plaintiff filed notice of appeal to this Court 19 February 1996.

---

[1] The dispositive issue before this Court is whether an employer—whose workers' compensation insurance premiums have risen as the result of an employee's injury by a third party—may maintain a cause of action against the third party to recover its increased insurance costs. Numerous jurisdictions which have considered this question have answered it in the negative, *see Schipke v. Grad*, 562 N.W.2d 109, 112 (S.D. 1997) (listing the cases), some deciding the action was precluded by their respective state workers' compensation statutes, *see*,

*e.g., Erie Castings Co. v. Grinding Supply, Inc.*, 736 F.2d 99 (3rd Cir. 1984) (applying Pennsylvania law), and others ruling the employer's economic harm was too remote a result of the tortfeasor's conduct to allow recovery, *see, e.g., RK Constructors, Inc. v. Fusco Corp.*, 650 A.2d 153 (Conn. 1994). *See generally* 7 Arthur Larson & Lex K. Larson, *Larson's Workers' Compensation Law* § 77.30 (1996) (noting problematical situation of employers with no cause of action against third party for increase in premiums *and* no subrogation rights in employee's third party award). We conclude plaintiff's actions herein as well as our statutory provisions delineating "rights and remedies against third parties" in the workers' compensation context sustain the ruling of the trial court.

The pertinent section, G.S. § 97-10.2(a), states:

The respective rights and interests of the employee-beneficiary under this Article, the employer, and the employer's insurance carrier, if any, in respect of the common-law cause of action against such third party and the damages recovered shall be as set forth in this section.

The statute goes on to provide that the employee (or the employee's representative) "shall have the exclusive right to proceed to enforce the liability of the third party" for the first 12 months following his or her injury or death; further, during this period, the employee "shall have the right to settle with the third party and to give a valid and complete release of *all claims to the third party by reason of such injury or death.*" G.S. § 97-10.2(b) (emphasis added). Upon expiration of the initial 12 month period, either the employee or the employer may proceed against the tortfeasor. G.S. § 97-10.2(c). Again, the party bringing such action may settle with, and release all claims against, the tortfeasor. *Id.*

In the case *sub judice*, Chandler, the employee, initiated a tort action against defendant, the third party, to recover for injuries sustained on the job. Chandler thereafter entered into a settlement agreement with defendant, which settlement was approved by plaintiff, Chandler's employer. The settlement agreement by its terms released defendant "from all claims and demands, rights and causes of action of any kind" that Chandler might have arising out of his injury, and Chandler agreed "to indemnify and save harmless" defendant "from and against all claims and demands whatsoever" growing out of the incident. Thus, plaintiff was thereby precluded from bringing another cause of action against defendant for damages arising out

of Chandler's injury. *See* G.S. § 97-10.2(c); *cf. Keith v. Glenn*, 262 N.C. 284, 286, 136 S.E.2d 665, 667 (1964) (settlement binding on parties to agreement *and* those who knowingly accept its benefits).

**[2]** In addition, the full provisions of G.S. § 97-10.2 reveals a statutory scheme whereby employers are limited to recovery of benefits they have paid to an employee.

First, G.S. § 97-10.2(d) indicates suit against the tortfeasor must

be brought in the name of the employee or his personal representative and the employer or the insurance carrier shall not be a necessary or proper party thereto.

Without question, an employer not properly a party to the third party action may not present therein evidence of increased insurance costs. Rather, the evidence will be limited to damages suffered by the employee. *See Schipke*, 562 N.W.2d at 112 (holding, under state workers' compensation statute, employer has no more rights against negligent third party than employee).

Further, while an employee generally must obtain approval of the employer before settling with a tortfeasor and releasing all claims, G.S. § 97-10.2(h), the employer's authorization is not required "[i]f the employer [has been] made whole for all benefits paid or to be paid by him" under the Workers' Compensation Act, G.S. § 97-10.2(h)(1). The statutory language indicates legislative concern that employers have a means to recover benefits paid to an employee, but no more.

In sum, G.S. § 97-10.2 delineates the "rights and remedies against third parties," in the worker's compensation context, and the section mandates that they "*shall* be as set forth," G.S. § 97-10.2(a) (emphasis added). The statute thus reflects the General Assembly's intent to limit an employer to recovery of workers' compensation benefits it has paid its employee. *See Schipke*, 562 N.W.2d at 113 (employer's cause of action "cannot be extended beyond what was authorized by the Legislature").

Based on the foregoing, we hold the trial court properly granted defendant's motion for summary judgment in that plaintiff was precluded as a matter of law from maintaining a cause of action against defendant to recover increases in workers' compensation insurance premiums. *See* N.C.R. Civ. P. 56(c) (summary judgment properly granted where party "is entitled to a judgment as a matter of law").

Affirmed.

Judges COZORT and McGEE concur.

Judge COZORT concurred prior to 31 July 1997.