R.L. WHIPPLE CO., INC. *vs.* PONDVIEW EXCAVATION CORP.[1]

No. 07-P-1214.

Worcester. April 14, 2008. - June 4, 2008.

Present: GRAHAM, DREBEN, & WOLOHOJIAN, JJ.

*Workers' Compensation Act,* Costs, Recovery from third person. *Insurance,* Workers' compensation insurance. *Negligence,* Economic loss.

An employer could not maintain a negligence claim to recover its increased workers' compensation insurance costs from the third party that injured the employer's employee, where the employer's claim sought to recover purely economic damages. [873-874]

CIVIL ACTION commenced in the Superior Court Department on June 5, 2001.

The case was heard by *John S. McCann,* J., on a motion for summary judgment.

*Philip M. Stone* for the plaintiff.

*Jacqueline L. Allen* for the defendant.

WOLOHOJIAN, J. In this appeal we address an issue of first impression in the Commonwealth: whether an employer can maintain a negligence claim to recover its increased workers' compensation insurance costs from the third party who injured its employee. Summary judgment was granted in favor of the defendant. We affirm.

R.L. Whipple Co., Inc. (Whipple), employed Paul Landry, who was injured when a Dumpster owned by Pondview Excavation Corp. (Pondview) rolled off a truck. Landry, who was at work when the accident occurred, filed a workers' compensation claim, which was covered by Whipple's insurer. Under the

---

[1]Claims and cross-claims involving an additional defendant, Coastal Energy, Inc., were settled prior to appeal. Coastal Energy, Inc., has not appeared or otherwise participated in this appeal.

subrogation provisions of the workers' compensation statute, G. L. c. 152, § 15, when Landry settled his suit[2] against Pondview, the insurer recovered the full amount it had paid to Landry.

Whipple sued Pondview, asserting that Pondview's negligence caused its (Whipple's) insurance costs to increase in two ways: first, Whipple did not receive an anticipated return of a portion of its 2001 premium (the 2001 dividend loss); and second, its premiums for the years 2001, 2002, and 2003 increased because of an "experience modification." The latter is no longer at issue because, as a result of the recovery by the insurer from the settlement, the experience modification has been reversed. G. L. c. 152, § 53A(4). See note 3, *infra*. Thus, only the 2001 dividend loss remains.

Pondview moved for summary judgment on Whipple's negligence claim on the ground that it owed no duty to Whipple. It also argued that the Workers' Compensation Act, G. L. c. 152 §§ 1 et seq., foreclosed Whipple's claim. The Superior Court judge granted the motion on the ground that no duty was owed.[3]

Every jurisdiction that has considered whether an employer may recover its increased workers' compensation insurance costs from the tortfeasor who injured its employee has found that no such claim can be maintained as a matter of law. These jurisdictions have reached this conclusion either by employing tort principles (finding a lack of duty, that damages are too remote or unforeseeable, or that the action is barred by public policy),[4] or

---

[2]Landry and his wife sued Pondview and others for the injuries he suffered.

[3]The Superior Court judge also reasoned that Whipple's claim — to the extent it was based on the 2001, 2002, and 2003 premium increases resulting from the experience modification — would result in impermissible duplicate recovery. In light of the subsequent settlement and the consequential reversal of the experience modification increase, this aspect of the case, together with the Superior Court judge's analysis of it, is no longer at issue.

[4]See *Fischl v. Paller & Goldstein,* 231 Cal. App. 3d 1299, 1303 (1991) (no cause of action because harm was not foreseeable); *RK Constructors, Inc. v. Fusco Corp.,* 231 Conn. 381, 388 (1994) (no duty because harm was too remote and unforeseeable); *Southland Constr., Inc. v. Greater Orlando Aviation,* 860 So. 2d 1031, 1034 (Fla. Dist. Ct. App. 2003) (same); *Sanford-Brown Co. v. Patent Scaffolding Co.,* 199 Ga. 41, 43 (1945) (no cause of action because harm was too remote); *North Ga. Elec. Membership Corp. v. Thomason & Holsomback Constr. Co.,* 157 Ga. App. 719, 720 (1981) (no cause of action because lack of duty and harm was too remote); *Unique Paint Co. v.*

through construction of the applicable workers' compensation statute.[5] We reach the same result, but with different reasoning.

Massachusetts generally follows the traditional rule "that purely economic losses are unrecoverable in tort . . . actions in the absence of personal injury or property damage." *FMR Corp.* v. *Boston Edison Co.*, 415 Mass. 393, 395 (1993). Because Whipple seeks to recover purely economic damages, its claim is barred by the economic loss doctrine. The dividend loss Whipple seeks to recover was the result of contract terms it negotiated with its insurer. Whipple itself has suffered no personal injury. Whipple's loss also does not arise from the personal injuries sustained by Landry; nor could it. See *Chelsea Moving & Trucking Co.* v. *Ross Towboat Co.*, 280 Mass. 282, 284-285 (1932) (employer cannot recover against wrongdoer for personal injury negligently caused to its employee). Likewise, Whipple has suffered no property damage. To find otherwise would require resorting to archaic concepts of the servant as chattel that have

_____

*Wm. F. Newman Co.*, 201 Ga. App. 463, 463 (1991) (no cause of action because harm was too remote); *Anderson Plasterers* v. *Meinecke*, 543 N.W.2d 612, 613-614 (Iowa 1996) (no cause of action under Restatement [Second] of Torts § 766C [1979]); *Northern States Contr. Co.* v. *Oakes*, 191 Minn. 88, 91 (1934) (no cause of action because damages were too remote); *Cincinnati Bell Tel. Co.* v. *Straley*, 40 Ohio St. 3d 372, 379-380 (1988) (no cause of action because no duty); *Whirley Indus., Inc.* v. *Segel*, 316 Pa. Super. 75, 81-82 (1983) (no cause of action because no duty and harm was not foreseeable); *Higbie Roth Constr. Co.* v. *Houston Shell & Concrete*, 1 S.W.3d 808, 812-813 (Tex. Ct. App. 1999) (no cause of action because no duty); *Vogel* v. *Liberty Mut. Ins. Co.*, 214 Wis. 2d 443, 449-451 (1997) (no cause of action because damages were too remote and because public policy barred recovery). See also *American River Transp. Co.* v. *Kavo Kaliakra SS*, 206 F.3d 462, 465 (5th Cir. 2000) (in admiralty action, economic injury too remote).

[5]See *Erie Castings Co.* v. *Grinding Supply, Inc.*, 736 F.2d 99, 104 (3d Cir. 1984) (Pennsylvania's statutory scheme precluded recovery of insurance premiums from third-party tortfeasor); *Pro-Staffers, Inc.* v. *Premier Mfg. Support Servs., Inc.*, 252 Mich. App. 318, 324-327 (2002) (because workers' compensation statute did not provide employer recovery from third party for increased insurance costs, such action barred in common law as well); *Multiplex Concrete Co.* v. *Besser Co.*, 153 N.J. Super. 531, 534 (1977) (provisions of workers' compensation statute precluded cause of action seeking to recover increased insurance costs); *M.B. Haynes Corp.* v. *Strand Electro Controls, Inc.*, 127 N.C. App. 177, 181 (1997) (workers' compensation statutory scheme precluded employer from recovering for increased insurance costs); *Schipke* v. *Grad*, 562 N.W.2d 109 (S.D. 1997) (statutory scheme precluded common-law recovery for increase in insurance premiums).

no place in our modern jurisprudence or society. In the absence of any personal injury or property damage to itself, Whipple cannot maintain a negligence claim against Pondview. See *Bay State-Spray & Provincetown Steamship, Inc.* v. *Caterpillar Tractor Co.*, 404 Mass. 103, 107 (1989) (when economic loss is only damage claimed, recovery not allowed in tort-based strict liability or negligence); *Garweth Corp.* v. *Boston Edison Co.*, 415 Mass. 303, 305 (1993) (economic loss rule precludes recovery for economic losses in tort-based strict liability or negligence cases absent personal injury or property damage); *Herbert A. Sullivan, Inc.* v. *Utica Mut. Ins. Co.*, 439 Mass. 387, 413 (2003) (purely economic losses unrecoverable in tort and strict liability actions in absence of personal injury or property damage). Compare *Stop & Shop Cos.* v. *Fisher*, 387 Mass. 889, 899 (1983) (recognizing limited exception for special economic losses caused by public nuisance).

Because our own law concerning the economic loss doctrine disposes of this case, we do not need to examine the tort principles employed in other jurisdictions. However, were we to engage in that analysis, we would be persuaded by the reasoning of those jurisdictions that have found the damages to be too remote. See note 4, *supra*. In *Chelsea Moving & Trucking Co.* v. *Ross Towboat Co.*, *supra*, we considered whether an employer could recover for the diminished working ability of an employee who was injured by the defendant's negligence. In that case, an employment agreement required the plaintiff to pay the employee his regular salary during the period of his disability and impairment. We held that the employer, as a matter of law, could not maintain its negligence claim "because the damage is too remote and indirect. It is not the natural and probable consequence of the ordinary tort." *Id.* at 287. The damages here are even more remote than those at issue in the *Chelsea Moving* case and, accordingly, equally unrecoverable.

*Judgment affirmed.*