NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-643

MARK R. VENTO

vs.

VERMONT MUTUAL INSURANCE COMPANY; J. BRIAN DAY, INC., third-party defendant.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Mark R. Vento, brought an action against Vermont Mutual Insurance Company (Vermont Mutual) alleging in his amended complaint claims of breach of contract, violation of G. L. c. 176D and G. L. c. 93A, negligence, and negligent infliction of emotional distress. Before trial, Vermont Mutual moved to dismiss the negligence claim. At the hearing on this motion, the judge dismissed the negligence claim and sua sponte dismissed the breach of contract claim. The G. L. c. 93A claim and negligent infliction of emotional distress claims were tried before a jury, which rendered a verdict in favor of Vermont Mutual. The judge then entered a separate and final judgment dismissing Vento's complaint against Vermont Mutual. Vento has

appealed, arguing that the judge erred in dismissing his breach of contract and negligence claims.  We affirm.

Background.  In his amended complaint, Vento alleged the following facts.  Vento owns real property in Holbrook, which he insured through a policy issued by Vermont Mutual.  In September, 2012, the property was severely damaged by a fire.  Vento reported this loss to Vermont Mutual, and it opened a claim regarding this damage.

Vermont Mutual hired Samuel F. McCormack Company to assist it in adjusting the loss.  McCormack, in turn, hired Peter Venie to adjust Vento's loss.

Vento, McCormack, and Venie disagreed on the extent of the loss and the costs of repairing the property.  These disagreements led to delays in repairing the property.  Vento hired contractors to repair the property, but they were delayed by Vermont Mutual's refusal to make payments sufficient to cover the costs of labor and materials for the repairs.

According to the amended complaint, Vermont Mutual refused to pay amounts it was required to without good cause, justification, or explanation, and Vermont Mutual refused to make a reasonable offer to resolve Vento's claims.

While not fully addressed by the allegations, before Vento filed his amended complaint, the parties submitted their dispute

about the amount of Vento's loss to three referees pursuant to the insurance policy.  The referees issued an award settling the amount owed to Vento, and Vermont Mutual paid Vento that amount minus the payments it had already made to him.

Vermont Mutual moved to dismiss the negligence claim in Vento's amended complaint, arguing that it owed Vento no duty of care beyond the requirements of G. L. c. 176D.  At the hearing on this motion, the judge indicated that, in light of the binding referees' award, he did not think that Vento could maintain a breach of contract claim.  Vento's counsel argued that while Vento was bound by the referees' award as to the amount of damage to the property, Vento suffered other losses due to Vermont Mutual's "lowball[ing]" the loss amount and delaying the resolution of Vento's claim.  The judge then noted that these sounded like allegations supporting a G. L. c. 93A claim, rather than a contract claim.  Vento's counsel argued that these allegations also supported a breach of contract claim, noting that Vermont Mutual had an obligation under the contract of good faith and fair dealing.  The judge ultimately dismissed the contract claim, stating that it was "wholly and entirely duplicative of the 93A/176D claim."  The judge also dismissed the negligence claim because he agreed with Vermont

3

Mutual that the alleged negligence claim "comes out of a contractual relationship."

Discussion. "We review the allowance of a motion to dismiss de novo." Mackie v. Rouse-Weir, 495 Mass. 252, 259 (2025).

1. The contract claim. Vento argues that the judge erroneously concluded that his breach of contract claim was subsumed within his G. L. c. "93A/176D" claim.

Generally, "[a] party may . . . state as many separate claims or defenses as he has regardless of consistency and whether based on legal or equitable grounds." Mass. R. Civ. P. 8 (e) (2), 365 Mass. 749 (1974). While "[a] plaintiff may seek recovery under multiple counts," he "may not recover cumulative, duplicative damages from those counts." Fox v. F & J Gattozzi Corp., 41 Mass. App. Ct. 581, 588 (1996). Where two claims are duplicative, though, meaning that "the elements of proof for both are the same," the judge is not required to submit both claims to the jury. See Calderon v. Royal Park, LLC, 96 Mass. App. Ct. 49, 56 & n.9 (2019).

Here, at least as the plaintiff has framed his allegations, to recover on his breach of contract claim, he would need to prove facts that, if established, would necessarily also make out a successful G. L. c. 93A claim. A consumer may recover

4

under G. L. c. 93A, § 9, against an insurer who engages in unfair claims settlement practices as defined in G. L. c. 176D, § 3 (9).  Such unfair settlement practices include, as relevant here, "[f]ailing to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear" and "[c]ompelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds."  G. L. c. 176D, § 3 (9) (f)-(g).

The amended complaint alleged that Vermont Mutual breached the parties' contract "by failing to make payments anticipated and required by the contract," but at the hearing on the motion to dismiss, Vento's counsel conceded that Vento was bound by the referees' award as to the amount Vento was owed for damage to the property and was not questioning that award.  Vento's counsel suggested that, instead, Vermont Mutual may have violated the covenant of good faith and fair dealing by delaying the process of settling this claim and lowballing their offers thereby forcing Vento to hire lawyers to go through the referee process.  In other words, to establish a breach of contract on the theory counsel articulated at the hearing, Vento would need to establish that Vermont Mutual "[f]ail[ed] to effectuate

5

prompt, fair and equitable settlement[] of [a] claim[] in which liability ha[d] become reasonably clear" or forced him to litigate to obtain an amount due under the policy "by offering substantially less than the amount[] ultimately recovered" by Vento -- the very things Vento was required to establish to succeed on at least some of his theories supporting the G. L. c. 93A and G. L. c. 176D claim.  See G. L. c. 176D, § 3 (9) (f)-(g).

The complaint also alleges facts beyond the conduct that allegedly amounted to a breach of the contract that might independently support a finding of violations of G. L. c. 176D. But if the jury found that Vermont Mutual committed the conduct Vento alleged violated the contract, they would have also been required to find that Vermont Mutual violated G. L. c. 176D.[1]

Consequently, as these two claims were presented here, the contract claim is duplicative of the G. L. c. 176D and G. L. c. 93A claim, and the judge was not required to submit both claims to the jury.

---

[1] While Vento argues that a violation of G. L. c. 93A requires an additional showing that the defendant's conduct was unfair or deceptive not required to prevail in a contract action, G. L. c. 93A, § 9, provides for recovery for violations of G. L. c. 176D, without regard to whether the defendant's actions would constitute unfair or deceptive acts as defined in G. L. c. 93A, § 2.  See Silva v. Steadfast Ins. Co., 87 Mass. App. Ct. 800, 803-804 (2015).

6

2.  Negligence claim.  The negligence claim stands on different ground.  To begin with, we disagree with the motion judge's conclusion that Vento could not bring a negligence action because of the contractual nature of the parties' relationship.  See Abrams v. Factory Mut. Liab. Ins. Co., 298 Mass. 141, 144 (1937) ("Although the duty arises out of the contract and is measured by its terms, negligence in the manner of performing that duty as distinguished from mere failure to perform it, causing damage, is a tort").  Further, the negligence claim, unlike the contract claim, is not duplicative of the G. L. c. 93A claim, as Vermont Mutual may have acted negligently in ways that go beyond the strictures of the unfair settlement practices listed in G. L. c. 176D.

For the first time, however, Vermont Mutual raises in its brief what it puts forward as an alternative ground for affirmance with respect to the negligence claim, the economic loss doctrine, arguing that it bars Vento from recovering for his alleged damages.  "Massachusetts generally follows the traditional rule 'that purely economic losses are unrecoverable in tort . . . actions in the absence of personal injury or property damage.'"  R.L. Whipple Co. v. Pondview Excavation Corp., 71 Mass. App. Ct. 871, 873 (2008), quoting FMR Corp. v. Boston Edison Co., 415 Mass. 393, 395 (1993).  The plaintiff has

7

not filed a reply brief to address this argument. It is true that in his amended complaint, he alleged that the delays caused by Vermont Mutual's negligence "resulted in further damage to Vento's property." And, at the time it was made, the motion to dismiss might well have been denied on that ground, pending further development of the record. This case, however, is in an unusual posture. The plaintiff has had a trial arising out of the relevant set of operative circumstances in which he provided evidence of his damages. Yet at trial, he provided no evidence that the delay caused additional property damage. Given the trial record, then, we think the economic loss doctrine argument is well taken.

<u>Judgment dated September 19, 2023, affirmed</u>.

By the Court (Rubin, Neyman & Tan, JJ.[2]),

Clerk

Entered: August 19, 2025.

---

[2] The panelists are listed in order of seniority.