Ellis J. Staley, Jr., J.
This is a motion for judgment dismissing the second cause of action in the first amended complaint.
Plaintiff’s first cause of action is an action for negligence and seeks recovery for money damages for damage to his automobile. The plaintiff then repeats and realleges the allegations of his first cause of action and alleges in paragraph 11 of the complaint that he has become subject to increased cost of liability insurance which he must carry as a prerequisite to registration of his automobile in the State of New York. He further alleges that, except for this accident, he would not otherwise be subject to risk pool insurance premiums and that by reason of the defendant’s negligence in causing this accident the plaintiff has become subject to increased cost of premiums for his automobile liability insurance.
Both parties also agree that liability insurance coverage is a prerequisite to registration of an automobile in the State of New York.
The defendant argues that the increase in premiums, if any, arises out of the intervening acts of an independent agent, the insurance carrier. If this be true, then there is a question whether or not the increase in premiums is the natural and probable consequence of the negligent act.
It is the fact that liability insurance carriers may file accident-based rating plans with the New York State Insurance Depart *84 ment under article VIII of the Insurance Law for use in connection with private passenger automobile insurance. Such plans were filed by most of the many companies which issue automobile liability insurance in this State and were approved by the Superintendent of Insurance, effective March 1, 1961. Once a company has decided to use a particular plan and has filed it with the Superintendent of Insurance, it must apply that plan in rating coverages for its insureds until a revised filing is made and becomes effective. (Insurance Law, § 185.)
The last Beport of the Joint Legislative Committee on Insurance Bates and Begulations (pp. 57-60) discloses several rating plans are in use in the State. All of the plans provide for discounts for safe driving and surcharges for chargeable accidents. The report defines chargeable accidents and excluded accidents and sets forth the rate of discounts and surcharges for the several plans.
An automobile owner, insured with a company which has filed an accident-based rating’ plan, involved in a chargeable accident automatically has his insurance premiums increased as a direct result of such accident upon the next renewal of his policy of insurance unless, in the interim, any suit brought as the result of the accident has resulted in a judgment in favor of said owner or has been settled by a payment to the said owner. If the suit results in a judgment or settlement in favor of the owner after the renewal of the policy of insurance then on the next renewal, the surcharge for a chargeable accident will be removed. No rebate is provided for the period during which the surcharge is paid pending disposition of the suit.
Thus viewed, an owner involved in a chargeable accident and insured by a company which filed a rating plan will pay an additional premium for his insurance. The total amount of such increased premiums, of course, would depend upon the time elapsed between the first renewal of the policy of insurance after the date of the accident and the first renewal of the policy after the date of disposition of the suit.
The facts alleged by the plaintiff in this case indicate that he was involved in what would be termed a chargeable accident. The result of being involved in a chargeable accident is an increase in the cost of liability insurance premiums.
A wrongdoer, however, is responsible only for the proximate result of his wrong. (Milks v. McIver, 264 N. Y. 267.) “ Damages cannot be remote, contingent or speculative. They need not be immediate, but need be so near to the cause only that they may be reasonably traced to the event and be independent of other causes ”. (Steitz v. Gifford, 280 N. Y. 15, 20.)
*85 A negligent act may Le the proximate cause of an automobile accident but may also be only a remote cause of some of the damages to a plaintiff occurring because of the happening of the event. The plaintiff’s rights must be injured, and this injury must be caused by the negligence of the defendant. (Palsgraf v. Long Is. R. R. Co., 248 N. Y. 339.)
The question to be determined here then is what is the proximate cause of the increase of liability insurance premiums to the plaintiff.
Prior to March 1, 1961 involvement in an accident did not result in a direct increase in premiums to the parties involved. Any increase was a general increase to all insureds. Then on March 1, 1961, the Merit Bating Plan went into effect. Thereafter involvement in an automobile accident resulted in a direct increase in premiums to the parties involved. What then caused the increase in liability insurance premiums? If involvement in an accident did not result in an increase of premiums prior to March 1, 1961, then the increase can only be attributed to the filing of a merit plan by the insurance carrier.
Thus viewed the proximate cause of the increase in the cost of premiums to the plaintiff is the contractual relationship between the plaintiff and his insurance carrier. The contractual terms involved between the insured and his insurance company cannot be contemplated within the knowledge of the defendant who has been involved in the collision which is the basis for the action in negligence. The negligent act herein is thus too remote to give rise to a cause of action for the recovery of any sums by reason of the increase in cost of plaintiff’s future automobile liability coverage.
The recovery of damages must be related to the proximate result of the negligent act. The alleged damages for negligence must be such as the ordinary mind would reasonably expect as a probable result of the act. Otherwise, no liability exists.
The defendant’s motion for a dismissal of the second cause of action herein is, therefore, granted, without costs. Defendant to submit order.