OPINION OF THE COURT
Steven E. Malone, J.
This small claims action was commenced by the plaintiff, wherein he seeks money damages by reason of an automobile accident which occurred on December 24, 1990. Plaintiff measures the damages claimed as being the difference between the automobile insurance premiums he will have to pay for the next three years versus the lower premiums he would have had to pay over that same time period had the accident not occurred. According to the plaintiff, the mere happening of the accident, even though it was not his fault, caused him to *114 remain in the "assigned risk pool” where premiums are higher than normal insurance rates.
After hearing the testimony of both parties, the court finds, without question, that the accident was the defendant’s fault and the court directs the plaintiff’s insurance carrier to consider this finding and therefore remove the plaintiff from the assigned risk pool.
Having found that the accident was the defendant’s fault, the court now moves on to the question of damages and notes that the law of damages is concerned only with the natural and proximate consequences, and not the remote consequences, of a wrongful act. A defendant is liable only for such damages as are the natural and direct or proximate consequences of his wrongful acts or omissions, and this rule is applicable to actions for breach of contract as well as to actions based upon a tort as is the situation in this case.
The principle that damages are recoverable only for such injuries as flow directly from, and as the probable and natural result of, the wrong complained of, necessarily excludes all those consequences of the act which are remote and indirect. No one is answerable in law for all the remote consequences of his own acts or of the acts of another for whom he is responsible. (Palsgraf v Long Is. R. R. Co., 248 NY 339 [1928]; Silvernail v Hallenback, 33 Misc 2d 83 [Sup Ct, Albany County 1962]; 36 NY Jur 2d, Damages, § 13.)
In short, a party is entitled to recover damages for all injuries, and only such injuries, as are the direct, natural and proximate result of the tortious conduct and, for only those damages that, in the ordinary course of events, can be said to have been foreseen, contemplated or expected by the parties. This court finds, as a matter of law, that it would not have been foreseen, contemplated or expected by this defendant that an accident, wholly his fault, would result in the plaintiff having increased automobile insurance premiums and the plaintiff’s claim is therefore denied.
Finally, the court notes that a major factor making the plaintiff’s claimed damages remote, indirect and unforseeable is the fact that the defendant has no control over the plaintiff’s contractual relationships entered into or sought to be entered with plaintiff’s insurer, i.e., the purchase of automobile liability insurance. After having found in this case that the accident was the defendant’s fault, a fact not seriously contested by the defendant himself nor his insurance carrier, *115 the court is shocked by the treatment the plaintiff has received from his insurance carrier. If it is true that the plaintiff was about to be "sprung” from the assigned risk pool and that his inability to be relieved from this burden was caused by an accident that was not his fault, then perhaps serious inquiry should be made by the plaintiff to the New York State Insurance Department to investigate this seemingly unfair course of treatment and course of business dealings followed by his insurance company.