2012 WY 152

**Katrina LUCERO and EL and IL, by and through their next Friend, Guardian and Mother, Katrina Lucero, Appellants (Plaintiffs),**

v.

**Nanette HOLBROOK, Appellee (Defendant).**

**No. S–12–0062.**

Supreme Court of Wyoming.

Nov. 30, 2012.

---

Representing Appellants: John I. Henley of Henley Law Firm, P.C., Casper, Wyoming.

Representing Appellee: Julie Nye Tiedeken and Brian J. Hunter of McKellar, Tiedeken & Scoggin, LLC, Cheyenne, Wyoming. Argument by Ms. Tiedeken.

Before KITE, C.J., and GOLDEN,* HILL, VOIGT, and BURKE, JJ.

---

\* Justice Golden retired effective September 30, 2012.

VOIGT, Justice.

[¶ 1]   Nanette Holbrook, the appellee, left her car unattended with the motor running in her private driveway while she briefly returned to her home to retrieve her pocketbook.   In the interim, Colbey Emms (Emms), a methamphetamine user, stole her vehicle.   Emms later got into a high-speed chase with the police, which ended when the car he was driving collided with a vehicle driven by Katrina Lucero (Lucero), one of the appellants, and mother of EL and IL, also appellants.   Lucero filed a complaint on behalf of herself and her children alleging that the appellee breached a duty to them of due care by leaving her car unattended with the keys in the ignition. The district court granted the appellee's motion for summary judgment on the basis that no duty was owed to the appellants under either the common law or by statute, and that the appellee's leaving of her keys in her car with the motor running was not the proximate cause of the accident.   We affirm.

## ISSUE

[¶ 2]   Did the district court appropriately grant the appellee's motion for summary judgment?

## FACTS

[¶ 3]   On the morning of December 18, 2009, the appellee got into her car, started the engine, and pulled the car out of her garage and onto her driveway as she was preparing to leave her home to go to work. She soon realized that she had forgotten her purse and returned to her home to retrieve it, leaving the car doors unlocked and engine running.   Within approximately three minutes, the appellee returned to the driveway only to find the car missing.   She quickly returned to the house and called 911 to report that her car had been stolen.

[¶ 4]   The appellee testified that she did not see anyone suspicious in the vicinity of her driveway at the time that she had returned to the house.   Nevertheless, Emms stole her vehicle during the appellee's brief absence.   The police located Emms driving the stolen vehicle and made contact with Emms who then attempted to flee. This evolved into a high-speed chase.   The chase ended soon after Emms collided with Lucero, who was driving with her two children, ages six months and five years, to her mother's house.   Lucero and her children suffered serious injuries.   Emms was under the influence of methamphetamine at the time of the accident.

[¶ 5]   The appellants filed a complaint in district court alleging that the appellee, by leaving the keys in the ignition of her unattended vehicle, was negligent and that such negligence was the proximate cause of the injuries incurred by the appellants.   In response, the appellee filed a motion for summary judgment which the district court granted, finding that (1) the appellee owed the appellants no duty of care under the circumstances either by statute or under the common law, and (2) the appellee's act of leaving the keys in the ignition was not the proximate cause of the appellants' injuries. The appellants now appeal that decision.

## STANDARD OF REVIEW

[¶ 6]   Although summary judgment is disfavored in negligence actions, summary judgment will be affirmed where the record fails to show the existence of a genuine issue of material fact.   *Uinta Cnty. v. Pennington*, 2012 WY 129, ¶ 11, 286 P.3d 138, 142 (Wyo.2012).   "The existence of duty is a question of law, making an absence of duty the surest route to summary judgment in negligence actions." *Erpelding v. Lisek*, 2003 WY 80, ¶ 13, 71 P.3d 754, 757 (Wyo. 2003) (quoting *Daily v. Bone*, 906 P.2d 1039, 1043 (Wyo.1995)).

We treat the summary judgment movant's motion as though it has been presented originally to us.   We use the same materials in the record that was before the district court.   Using the materials in the record, we examine them from the vantage point most favorable to the nonmoving party opposing the motion, giving that party the benefit of all favorable inferences which may fairly be drawn from the materials. . . . If doubt exists about the presence of genuine issues of material fact

after we have reviewed the record, we resolve that doubt against the movant. *Shafer v. TNT Well Serv., Inc.,* 2012 WY 126, ¶ 8, 285 P.3d 958, 961 (Wyo.2012) (quoting *Lamar Outdoor Adver. v. Farmers Co-Op Oil Co.,* 2009 WY 112, ¶ 10, 215 P.3d 296, 300 (Wyo.2009) (internal citations omitted)).

## DISCUSSION

[¶ 7] Negligence occurs when one fails to act as would a reasonable person of ordinary prudence under like circumstances. *Keehn v. Town of Torrington,* 834 P.2d 112, 114 (Wyo.1992). More specifically, to establish negligence, the following must be shown:

> (1) The defendant owed the plaintiff a duty to conform to a specified standard of care, (2) the defendant breached the duty of care, (3) the defendant's breach of the duty of care proximately caused injury to the plaintiff, and (4) the injury sustained by the plaintiff is compensable by money damages.

*Hatton v. Energy Elec. Co.,* 2006 WY 151, ¶ 10, 148 P.3d 8, 13 (Wyo.2006) (quoting *Valance v. VI–Doug, Inc.,* 2002 WY 113, ¶ 8, 50 P.3d 697, 701 (Wyo.2002)). Duty and breach of duty must be established before addressing causation and the tortfeasor's responsibility for any harm suffered. *See Halpern v. Wheeldon,* 890 P.2d 562, 565 (Wyo.1995); *Sapone v. Grand Targhee, Inc.,* 308 F.3d 1096, 1103 (10th Cir.2002). "Elements (1) and (2), duty and breach of duty, address whether the conduct of the alleged tortfeasor was in fact negligent. Element (3), proximate cause, is considered only after negligence is first established to determine whether the tortfeasor should be legally responsible for his negligence." *Keehn,* 834 P.2d at 115. Proximate cause addresses the scope of a defendant's liability and is a question of fact for the factfinder, and less appropriate for a summary judgment action. Restatement (Third) of Torts § 7 (2010).

[¶ 8] A duty may arise based upon the existence of a contract, a statute, or the common law, "or when the relationship of the parties is such that the law imposes an obligation on the defendant to act reasonably for the protection of the plaintiff." *Killian v.* *Caza Drilling, Inc.,* 2006 WY 42, ¶ 8, 131 P.3d 975, 980 (Wyo.2006) (quoting *Hamilton v. Natrona County Educ. Ass'n,* 901 P.2d 381, 384 (Wyo.1995)). The appellee clearly had no contractual relationship with the appellants, nor did the appellants have a special or particular relationship with the appellee beyond all being members of the public. Regarding the existence of a statutory duty, the appellants argue in their reply brief that the following statute creates a duty which the appellee breached:

> **§ 31–5–509. Requirements before leaving motor vehicle unattended.**
>
> No person driving or in charge of a motor vehicle shall permit it to stand unattended without first stopping the engine, locking the ignition, removing the key from the ignition, effectively setting the brake thereon and, when standing upon any grade, turning the front wheels to the curb or side of the highway.

Wyo. Stat. Ann. § 31–5–509 (LexisNexis 2011). This statute does not, however, apply to motor vehicles parked in private driveways. Chapter 5 is entitled "Regulation of Traffic on Highways." The statute is clear regarding its applicability: "The provisions of this act relating to the operation of vehicles refer exclusively to the operation of vehicles upon highways except: (i) Where a different place is specifically referred to in a given section[.]" Wyo. Stat. Ann. § 31–5–103 (LexisNexis 2011). Because "a different place" is not referenced in Wyo. Stat. Ann. § 31–5–509, the statute applies only to vehicles "stand[ing] unattended" upon a highway.

[¶ 9] The Act defines "highway" and "street" synonymously as being "the entire width between the boundary lines of every way publicly maintained or if not publicly maintained, dedicated to public use when any part thereof is open to the use of the public for purposes of vehicular travel[.]" Wyo. Stat. Ann. § 31–5–102(a)(xlix) (LexisNexis 2011). The appellants suggest, with little analysis, that the appellee's driveway is "open to the use of the public for purposes of vehicular travel." We find this contention unsupported by law or logic. The appellants point out that the harm that may occur where a car is left in a condition violating

Wyo. Stat. Ann. § 31–5–509 on private property is similar, if not identical, to the harm that may occur by leaving a car in the same condition on a public highway. That may very well be the case. The legislature was specific, however, in limiting the application of this statute to public highways. "Where statutory language conveys a clear and definite meaning, this court neither faces the need nor acquires the license to construe the statute." *State v. Curtis,* 2002 WY 120, ¶ 8, 51 P.3d 867, 869 (Wyo.2002). As we have said many times, if the legislature wanted to make the statute more general in its applicability, it could have done so.

■■■ [¶ 10] The existence of a duty as derived from the common law is a more complicated matter. As the appellants discuss, this Court has relied upon a number of factors in determining whether the common law creates a duty of care.

> Some of the key policy factors to be considered are: (1) the foreseeability of harm to the plaintiff, (2) the closeness of the connection between the defendant's conduct and the injury suffered, (3) the degree of certainty that the plaintiff suffered injury, (4) the moral blame attached to the defendant's conduct, (5) the policy of preventing future harm, (6) the extent of the burden upon the defendant, (7) the consequences to the community and the court system, and (8) the availability, cost and prevalence of insurance for the risk involved.

*Gates v. Richardson,* 719 P.2d 193, 196 (Wyo. 1986). Despite the appellants' arguments to the contrary, we find that the balancing of these factors weighs against the imposition of a duty of care owed to the appellants by the appellee.

■■■ [¶ 11] In their brief, the appellants point out that the appellee admitted that there is a heightened risk of car theft when keys are left in a vehicle. Tort liability, however, requires that the harm that befell a plaintiff was foreseeable by the tortfeasor. *Id.* at 196. In the case at hand, for instance, the appellants must show that the injuries they incurred were foreseeable by the appellee, rather than that the car theft was foreseeable. We have recently discussed the importance of foreseeability in establishing common law negligence:

> Many factors inform the duty analysis, but the most important consideration is foreseeability. Generally a defendant owes a duty of care to all persons who are foreseeably endangered by his conduct with respect to all risks which make the conduct unreasonably dangerous. Foreseeability establishes a 'zone of risk,' which is to say that it forms a basis for assessing whether the conduct creates a generalized and foreseeable risk of harming others.

*Glenn v. Union Pac. R.R. Co.,* 2011 WY 126, ¶ 34, 262 P.3d 177, 193 (Wyo.2011) (quoting *Beugler v. Burlington Northern & Santa Fe Ry.,* 490 F.3d 1224, 1228 (10th Cir.2007)). Glenn, a coal mine employee, was injured by falling coal when he opened the unlocked dump doors of a rail car. *Id.* at ¶ 7, 262 P.3d at 181. We agreed with the district court that such an injury was foreseeable "[g]iven the uncomplicated nature of the accident." *Id.* at ¶ 36, 262 P.3d at 194. "One needs only a basic familiarity with the law of gravity to anticipate that heavy material precariously perched on an unlocked door may come down with unfortunate consequences." *Id.*

[¶ 12] Such scientific simplicity was not at work in the case at hand. It is not sufficient to say that merely because something did happen, the result was foreseeable. The injuries suffered by the appellants were not a natural consequence of the actions of the appellee, as was the case in *Glenn.* It was not as if the appellee left her car at the top of a hill with the parking brake disengaged, and the car rolled downward, injuring a passerby. The appellee momentarily left her car running in her own private driveway. In that brief interim, a methamphetamine user came upon the vehicle, trespassed on the appellee's property, and stole her car. After the car was reported stolen, the police located the thief with the vehicle and pursued him in a high-speed chase. That chase tragically ended in a violent car accident. We cannot say that the appellants' injuries resulting from a subsequent high-speed chase were a foreseeable consequence of the appellee's act of momentarily leaving her car unattended in her driveway.

[¶ 13] The closeness of the connection between the injury suffered and the appellee's conduct is a corollary of foreseeability. Foreseeability addresses whether the harm incurred was a natural consequence of the alleged tortfeasor's actions. The closeness of the connection between the injury and the conduct is related to causation and contemplates whether any intervening conduct contributed to the harm. In *Sorensen v. State Farm Auto. Ins. Co.*, State Farm alleged that Sorensen, the owner of, but not the driver of, a vehicle involved in a car accident with State Farm's insured drivers, violated Wyoming law by failing to maintain liability insurance on her vehicle. 2010 WY 101, ¶ 2, 234 P.3d 1233, 1235 (Wyo.2010). We held that Sorensen owed no duty of care under statute or the common law. *Id.* at ¶ 38, 234 P.3d at 1244. In our analysis of the *Gates* factors listed above, *see supra* ¶ 10, we found that the damages incurred were closely connected with the driver's failure to exercise reasonable care in the operation of the vehicle, rather than to Sorensen's failure to maintain insurance. *Id.* at ¶ 29, 234 P.3d at 1242.

[¶ 14] It is true that the appellee's act of leaving her car's motor running while she briefly returned to her home contributed to a chain of events that ended in a motor vehicle accident between the appellants and the car thief. The appellee's conduct, however, was not sufficiently connected to the harm incurred to find that the appellee had a duty to prevent that harm.

[¶ 15] Regarding the third factor, there is no doubt that the appellants were injured.

[¶ 16] Moral blame results from misconduct more extreme than ordinary negligence. *Erpelding*, 2003 WY 80, ¶ 26, 71 P.3d at 759. Such culpability may result where the alleged tortfeasor "is the party best in the position to prevent injury." *Larsen v. Banner Health Sys.*, 2003 WY 167, ¶ 30, 81 P.3d 196, 205 (Wyo.2003). We cannot agree with the appellants that the appellee "essentially deliver[ed] [the] vehicle" to a drug-impaired thief. The fact that the appellee's conduct may have contributed in some way to the accident that occurred does not make her morally culpable. Certainly, Emms, who was driving the vehicle at a high rate of speed in an attempt to elude the police, was in a better position to prevent the harm to the appellants than was the appellee. In truth, the same can be said about the police officer or officers involved in the pursuit. And sadly, the same can even be said about Lucero because the accident occurred at an intersection that Lucero entered against a red light.

[¶ 17] While the harm suffered by the appellants in the instant case would not have occurred if the appellee had removed her keys from the ignition, these circumstances are so unique that imposing a duty upon every Wyoming resident not to leave a car in the driveway with the motor running will not likely prevent future harm such as this. We say this primarily because, as the district court found, even if we recognized the existence of a duty, there simply is no proximate cause connection between the acts of the appellee and the harm to the appellants.

> In order for proximate cause to exist, "the accident or injury must be the natural and probable consequence of the act of negligence." *Foote v. Simek*, 2006 WY 96, ¶ 22, 139 P.3d 455, 463 (Wyo.2006). In fact, "[t]he ultimate test of proximate cause is foreseeability of injury. In order to qualify as a legal cause, the conduct must be a substantial factor in bringing about the plaintiff's injuries." *Foote*, ¶ 22, 139 P.3d at 464. In our consideration of cases involving proximate cause, we have discussed not only what constitutes proximate cause, but also what does not:

> In *Lemos v. Madden*, 28 Wyo. 1, 200 P. 791, 793 (1921), this court first defined proximate cause as "[t]hat which, in a natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury, and without which the result would not have occurred." This same definition has been relied upon in recent years. *Robertson v. TWP, Inc.*, 656 P.2d 547 (Wyo.1983); *Kopriva v. Union Pacific R. Co.*, 592 P.2d 711 (Wyo.1979). In *Lemos v. Madden, supra*, 200 P. at 794, the court also rejected a "but for" rule of causation, stating:

*" \* \* \* But if the original wrong furnished only the condition or occasion, then it is the remote and not the proximate cause, notwithstanding the fact that there would have been no loss or injury but for such condition or occasion. \* \* \* "*

In later cases our court has identified legal causation as that conduct which is a substantial factor in bringing about the injuries identified in the complaint. *McClellan v. Tottenhoff,* Wyo. 666 P.2d 408 (Wyo. 1983); *Chrysler Corporation v. Todorovich,* 580 P.2d 1123 (Wyo.1978); *Phelps v. Woodward Construction Co.,* 66 Wyo. 33, 33, 204 P.2d 179 (Wyo.1949). The obvious rationalization of that approach with the two propositions found in *Lemos v. Madden, supra,* is that if the conduct is "that cause which in natural and continuous sequence, unbroken by a sufficient intervening cause produces the injury, without which the result would not have occurred," it must be identified as a substantial factor in bringing about the harm. If, however, it created only a condition or occasion for the harm to occur then it would be regarded as a remote, not a proximate, cause, and would not be a substantial factor in bringing about the harm. An alternative method for explaining these concepts is found in the discussions of intervening cause in our cases. *McClellan v. Tottenhoff, supra; Kopriva v. Union Pacific R. Co., supra; Gilliland v. Rhoads,* 539 P.2d 1221 (Wyo. 1975); *Fagan v. Summers,* 498 P.2d 1227 (Wyo.1972); and *Tyler v. Jensen,* 75 Wyo. 249, 295 P.2d 742 (Wyo.1956). *An intervening cause is one that comes into being after a defendant's negligent act has occurred, and if it is not a foreseeable event it will insulate the defendant from liability. It is reasonably foreseeable if it is a probable consequence of the defendant's wrongful act or is a normal response to the stimulus of the situation created thereby. Killian v. Caza Drilling, Inc.,* 2006 WY 42, ¶ 20, 131 P.3d 975, 985 (Wyo.2006).

*Collings v. Lords,* 2009 WY 135, ¶ 6, 218 P.3d 654, 656–57 (Wyo.2009) (emphasis added). Under any statement or formulation of these tests, the appellee's conduct in the instant case was not a proximate cause of the appellants' injuries.

[¶ 18] The appellants argue that the appellee easily could have removed her keys from the ignition before returning to her house and that imposing a duty on the appellee to that extent would not impose a substantial burden. The burden that this factor addresses is not, however, the effortlessness in removing the keys, but rather the burden that will result from imposing a duty not to leave the motor running temporarily in a vehicle parked in one's driveway. It must be remembered that the imposition of a duty not to leave the motor running in a vehicle in one's driveway would apply across the board, and would create potential liability for every person in Wyoming who, on a cold winter day, starts his or her car to warm it up and defrost the windshield before driving upon the public highways.

[¶ 19] Finally, the appellants present no facts or analysis indicating whether motor vehicle insurance covering these circumstances—harm caused by the theft of one's vehicle left with its motor running in a private driveway—is available, prevalent, or costly. We will not, therefore, consider this factor.

[¶ 20] Our task here is to determine whether the interest of the appellants who have "suffered invasion [were] entitled to legal protection at the hands of the" appellee. *Daniels v. Carpenter,* 2003 WY 11, ¶ 21, 62 P.3d 555, 563 (Wyo.2003) (citing *Duncan v. Afton, Inc.,* 991 P.2d 739, 742 (Wyo.1999)). We conclude that, under the facts presented as analyzed under *Gates,* the appellee did not owe the appellants a duty of care. And even if such a duty was recognized, the acts of the appellee were not the proximate cause of the appellants' harm. The district court properly granted summary judgment.

## CONCLUSION

[¶ 21] The appellee's conduct was not proscribed by statute and therefore does not result in the violation of a statutory duty of care. The harm suffered was not a foreseeable consequence of the appellee's conduct, nor was it closely connected to the conduct.

The appellee's actions are not deserving of moral blame. Imposing a duty on the appellee under these circumstances would substantially burden her and Wyoming residents in general. We conclude that the appellee did not owe the appellants a common law duty of care to protect them from the harm that occurred in this case, and we therefore affirm the district court's grant of summary judgment.